1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL A. O'DONAHUE,<br><br>          Plaintiff,<br><br>     v.<br><br>TUUGIIBOSS TRANS INC., *et al.*,<br><br>          Defendants. | CASE NO. 3:23-cv-06028-GJL<br><br>AMENDED ORDER ON MOTION TO CONSOLIDATE |

This matter comes before the Court on Defendants' Motion to Consolidate ("Motion"). Dkt. 16.[1] For the reasons discussed below, the Court **DENIES** the Motion. Dkt. 16.

### I. BACKGROUND

On August 24, 2023, Plaintiff Michael A. O'Donahue filed a Complaint against Defendants in Pierce County Superior Court. Dkt. 1-1, *O'Donahue v. Tuugiiboss Trans Inc., et al.*, Pierce County Superior Court Cause No. 23-2-09229-1. In the Complaint, Plaintiff alleges that on November 3, 2020, Defendant Batzaya Sukhee, an employee of Defendant Tuugiiboss Trans Inc. ("TTI"), negligently struck Plaintiff's vehicle at an intersection in Fife, Washington, while operating a company semi-truck vehicle. Dkt. 1-1 at 2–3. As a result of Defendant Sukhee's alleged negligence, Plaintiff suffered "personal injuries," "physical pain," "a

---

[1] The parties have consented to proceed before a Magistrate Judge. *See* Dkt. 9.

AMENDED ORDER ON MOTION TO CONSOLIDATE - 1

1  substantial decrease in the quality of . . . daily life," as well as "has incurred and will incur
2  economic and non-economic damages of a nature and amount that will be proven at trial." *Id*. at
3  3–4. Plaintiff seeks damages for pain and suffering, past and future medical expenses, and
4  related fees and costs. *Id*. at 5.

5       On September 19, 2023, Defendants were personally served with a copy of the Summons
6  and Complaint in the Pierce County case. *See* Dkt. 12-2, Ex. 2. On November 9, 2023,
7  Defendants filed a Notice of Removal to federal court. *See* Dkt. 1. Plaintiff moved to remand the
8  case to state court, arguing Defendants missed the 30-day window to remove set by 28 U.S.C.
9  § 1446(b)(1). Dkt. 12. In an Order entered on January 19, 2024, the Court denied Plaintiff's
10 Motion to Remand. *See* Dkt. 15.

11      On February 13, 2024, Defendants filed the instant Motion. Dkt. 16. In the Motion,
12 Defendants request the Court consolidate this case with *Allstate Fire and Casualty Insurance*
13 *Company Subrogee of Michael A. O'Donahue v. Tuugiiboss Trans Inc., et al.*, Pierce County
14 Superior Court Cause No. 23-2-05392-9, filed on March 14, 2023 ("March 2023 Pierce County
15 Complaint"). *See id*.

16      The Plaintiff in the March 2023 Pierce County Complaint, Allstate Fire and Casualty
17 Insurance Company Subrogee of Michael A. O'Donahue ("Allstate"), filed the action in state
18 court against Defendants seeking monetary damages as a result of the same November 3, 2020,
19 motor vehicle accident involving Plaintiff O'Donahue and Defendant Sukhee. *See* Dkt. 17 at 5–
20 8. Defendants argue consolidation of this case with the Pierce County case is appropriate because
21 the Plaintiffs in both actions seek recovery in the form of monetary damages arising out of the
22 same motor vehicle accident. Dkt. 16 at 4. In addition to the common legal and factual questions
23
24

presented, consolidation of these matters would avoid duplicating time and effort across both cases. *Id*. Consolidation will also ensure speedy and consistent resolution of these matters. *Id*.

In connection with the Motion, Defendants have filed a Declaration of their counsel, Alyana L. Nicholes, Esquire, attaching the March 2023 Pierce County Complaint, as well as a Certificate of Service of the Motion upon counsel for Plaintiff Allstate. *See* Dkt. 17. Neither Plaintiff O'Donahue nor Plaintiff Allstate has filed a response to the Motion. *See* Dkt. However, the Court notes that counsel for Allstate does not appear to be admitted for practice in the Western District of Washington District Court or to have applied to appear *Pro Hac Vice* in this case.

## II.   DISCUSSION

Defendants rely on Federal Rule of Civil Procedure 42(a) for the requested consolidation. *See* Dkt. 16. Rule 42(a) provides, in part, "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]" Fed. R. Civ. P. 42(a). Further, under Rule 42(a), the Court has broad discretion regarding whether to consolidate cases. *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008). The Court must "weigh[] the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

However, Rule 42(a) permits consolidation only of cases "before the court." Fed. R. Civ. P. 42(a); *see also* LR 42(a) ("If a party seeks to have its case consolidated with one or more cases *pending in this district*, the party may file a motion to consolidate the cases.") (emphasis added). As such, Rule 42(a) does not authorize a federal court to take a lawsuit filed in state court and consolidate it with a lawsuit filed in federal court, even if "there is an identity of the parties, subject matter, and requested relief." *Devenny v. Lakewood Fire District 2*, Case No. C10-5002

KLS, 2010 WL 11685177, at *2 (W.D. Wash. June 1, 2010) (holding the court is not authorized to consolidate its federal case with a case proceeding in state court); 9A C. Wright & A. Miller, Federal Practice and Procedure § 2382 (3d ed. 2023) ("a court may not consolidate an action pending in federal court with an action pending in state court.").

In addition, Local Rule 42 requires the parties to meet and confer and attempt to reach an agreement regarding consolidation of the cases. LR 42(b). Here, Defendants have provided no evidence that the parties met and conferred regarding consolidation.

Upon review of the Motion, the attached Declaration, and relevant record, the Court concludes that it does not have the authority to take a case from state court, for which there is no removal authority, and consolidate it with a case in federal court. Rather, the Court would be able to address a motion to consolidate these cases only if they are both pending in this District. *See* Fed. R. Civ. P. 42(a); LR 42(a).

In order to do so, however, Defendants would need to seek formal removal of *Allstate v. Tuugiiboss Trans Inc.*, Cause No. 23-2-05392-9, from the Pierce County Superior Court. *See* 28 U.S.C. § 1441(a). Once, and only if, the case is removed from state court and brought to this Court under a new case number, and the parties have met and conferred, could the Court properly entertain a motion to consolidate the cases at that time. *See* Fed. R. Civ. P. 42(a); LR 42.

Defendants' Motion (Dkt. 16) is **DENIED**.

Dated this 8th day of April, 2024.

Grady J. Leupold
United States Magistrate Judge